## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CANDICE BROWN,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
DC-3443-20-0567-I-1

DATE: July 2, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Candice Brown</u>, Largo, Maryland, pro se.

<u>Darryl Joe</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction without holding a hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant argues that the agency wrongfully denied her leave requests, charged her with being absent without leave (AWOL), required her to work without reasonable accommodations, and administered such disciplinary actions as a reprimand and verbal counseling.[2] Petition for Review (PFR) File, Tab 1 at 5. She appears to allege for the first time on review that, in denying her leave requests and placing her in an AWOL status, the agency subjected her to a constructive suspension. *Id*. at 4.

The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material

---

[2] The appellant also appears to have challenged the alleged reprimand below. Initial Appeal File (IAF), Tab 1 at 5. Specifically, she argued that, in denying her leave requests, the agency committed harmful procedural error and caused her to receive a letter of reprimand. *Id*. The appellant's assertions that she was subjected to a reprimand and verbal counseling provide no basis for disturbing the administrative judge's finding that the Board lacks jurisdiction over the appellant's assertions. IAF, Tab 7, Initial Decision at 3-4; *see* 5 C.F.R. § 1201.3 (identifying the subject matters over which the Board has jurisdiction). Moreover, to the extent the appellant is alleging that the agency failed to provide her with a reasonable accommodation and committed harmful procedural error, absent jurisdiction over the appeal, the Board lacks jurisdiction to consider any such allegations. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, the issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010). Accordingly, because it is jurisdictional in nature, we will consider the appellant's allegation that the agency constructively suspended her.

To be appealable to the Board, a suspension—constructive or otherwise— must be for more than 14 days. *See* 5 U.S.C. § 7512; *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010); *Giannetto v. Department of Transportation*, 109 M.S.P.R. 522, ¶ 5 (2008) (finding that, to be appealable, a constructive suspension must have exceeded 14 days). On review, the appellant argues that her case "should be treated as a suspension of 14 days or more" because "[t]hat is the duration of time [she is] alleging the various periods of leave and improper AWOL were involuntary." PFR File, Tab 1 at 4. However, she does not specify the dates and time period during which she was purportedly denied leave and placed on AWOL. The appellant's vague and unsupported allegation does not constitute a nonfrivolous allegation that the Board has jurisdiction over her appeal as a suspension, constructive or otherwise.[3] Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 3-4; *see Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007) (stating that mere pro forma allegations are insufficient to satisfy this nonfrivolous standard); 5 C.F.R. § 1201.4(s)(1) (providing that an allegation generally will be considered nonfrivolous when, among other things, it is more than conclusory).

---

[3] Even taking the pro forma assertion as true, the appellant would still not necessarily satisfy the Board's jurisdiction if her suspension were only for 14 days, rather than for more than 14 days. *See* 5 U.S.C. § 7512; *Alves v. U.S. Postal Service*, 95 M.S.P.R. 587, ¶ 8 (2004) (upholding the administrative judge's finding that the Board lacked jurisdiction over any enforced leave in the appellant's appeals because she did not allege that the "suspension" exceeded 14 days).

On review, the appellant also indicates that she did not respond to the administrative judge's acknowledgment order due to stress and medical issues and because emails from the Board were routed to her spam folder. PFR File, Tab 1 at 4. She requests that the Board deny the agency's motion to stay discovery, which the administrative judge found moot in light of her jurisdictional determination. *Id*. at 5-6; IAF, Tab 5; ID at 4 n.1.

As an e-filer, the appellant was required by regulation to ensure that emails from @mspb.gov were not blocked by filters and to monitor her case at e-Appeal to ensure she received all case-related documents. *See* 5 C.F.R. § 1201.14(j)(2)-(3) (2020). Thus, her argument that the Board's emails were routed to her spam folder does not provide a basis for review. To the extent the appellant is alleging that she was improperly denied discovery by the administrative judge, the record reflects that the administrative judge's acknowledgment order clearly apprised the parties of the availability of discovery, the Board's guidelines for engaging in discovery, and where to find the applicable regulations. IAF, Tab 2 at 4. The Board has held that, when an appellant has received specific notice of the Board's discovery procedures, but fails to comply with those procedures and, if necessary, to file a motion to compel, she has failed to exercise due diligence. *See Buscher v. U.S. Postal Service*, 69 M.S.P.R. 204, 210 (1995); *Head v. Office of Personnel Management*, 53 M.S.P.R. 421, 422 (1992) (explaining that, absent a motion to compel, the appellant failed to exercise due diligence in pursuing discovery). Therefore, we find that the appellant has shown no error in this regard.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.